DONEGAL MUTUAL INSURANCE COMPANY et al.

v.

WHITE CONSOLIDATED INDUSTRIES, INC.

2002-Ohio-6442.]

Court of Common Pleas of Ohio,
Darke County.

No. 00–CV–58304.

Decided Nov. 4, 2002.

Thomas J. Vozar, for plaintiffs.

Jeffrey J. Jurca, for defendant.

JONATHAN P. HEIN, Judge.

{¶ 1}   This matter came before the court upon plaintiffs Donegal Mutual Insurance Company et al.'s motion for a new trial as filed September 20, 2002, pursuant to Civ.R. 59.   Defendant White Consolidated Industries, Inc. has filed a memorandum in opposition.

{¶ 2}   The essence of plaintiffs' argument is that the court permitted the testimony of two witnesses for the defendant who were private investigators subject to the provisions of R.C. 4749.01 et seq.   R.C. 4749.06 requires out-of-state private investigators to register with the state of Ohio before conducting any investigations or securing evidence within Ohio.   The failure to do so is a misdemeanor offense.   In this case, there is no dispute that these witnesses did not comply with Ohio registration requirements.

{¶ 3}   During the course of the trial, the court allowed defendant's counsel to establish the qualifications of both witnesses to express expert opinions.   Prior to the opinions' being presented to the jury, counsel for the plaintiffs was permitted an opportunity to cross-examine as to qualifications.   A motion to exclude the witnesses' testimony for failing to register was overruled.

{¶ 4}   In reaching a decision to permit the testimony of the defendant's witnesses, the court relied upon a review of Evid.R. 601 and 702 et seq. and R.C. 2317.01 et seq.   The court concluded that there was more than sufficient knowledge of the facts, technical knowledge, education, and other expertise for the witnesses to provide an opinion that may or may not have been beneficial to the jury in making its decision.

{¶ 5}  In reviewing the plaintiffs' motion for a new trial, the court concludes that none of the above statutory references or the provisions of R.C. Chapter 4749 provides an express disqualification from testifying in a trial when an out-of-state private investigator does not comply with licensing requirements.  The only express penalty for violations of R.C. Chapter 4749 are criminal penalties;  there is no requirement that trial testimony be prohibited.

{¶ 6}  Trial courts are granted broad discretion regarding qualifications of witnesses to present expert testimony.  *Alexander v. Mt. Carmel Med. Ctr.* (1978), 56 Ohio St.2d 155, 157, 10 O.O.3d 332, 383 N.E.2d 564.  See, also, *Pennsylvania Lumbermens Ins. Corp. v. Landmark Elec., Inc.* (Dec. 29, 1993), Montgomery App. No. 13882, 1993 WL 541644.  In *Pennsylvania Lumbermens,* the trial court excluded a witness's testimony due to a failure to comply with the requirements of R.C. 4749.01 et seq.  The court of appeals emphasized that a trial court possesses broad discretion in deciding a witness's qualifications; the court of appeals did not find an abuse of discretion in the trial court's exclusion of testimony due to the noncompliance with R.C. 4749.01 et seq.

{¶ 7}  However, this court does not agree that a failure to obtain a license is a per se exclusion from testifying.  This court does not interpret *Pennsylvania Lumbermens* as a mandate to exclude testimony when a "private investigator" does not comply with registration requirements.  In the absence of a statutory mandate, this court finds no reason to enforce this statute when Evid.R. 601 and 702 et seq. and R.C. 2317.01 have been fulfilled.

{¶ 8}  IT IS THEREFORE ORDERED AND DECREED that the plaintiffs' motion for new trial is denied.  Costs to the plaintiffs.

Motion for new trial denied.